### KELLY & BROTHERS vs. SHEPHERD.

Where a senior mortgage was not recorded and a junior mortgage on the same property was properly recorded, the latter took precedence of the former; and if the senior mortgage was foreclosed, and the mortgagees became the purchasers at the sale thereunder, they obtained only the equity of redemption under the junior recorded mortgage, and the holder of such junior mortgage could thereafter foreclose it and subject the property to levy and sale thereunder. Nor was he compelled to look to the proceeds of the sale under the senior mortgage *fi. fa.*

January 11, 1888.

Mortgages.   Liens.   Levy and Sale.   Before Judge BOYNTON.   Newton Superior Court.   March Term, 1887.

Reported in the decision.

T. SPEARMAN; J. F. ROGERS, for plaintiffs in error.

McHENRY & McHENRY, for defendant.

BLANDFORD, Justice.

Kelly & Brothers had a mortgage on a certain mule, made by Jeffries, which mortgage was never recorded. Shepherd also had a mortgage upon the same property, which was duly recorded; and he had no notice of the mortgage of Kelly & Brothers. Kelly & Brothers foreclosed their mortgage and levied on the property, and it was sold, and they bought it. After the sale, and on the

day of the sale, Shepherd foreclosed his mortgage. Shepherd's mortgage was junior to that of Kelly & Brothers, but the lien of his mortgage was superior to theirs, by reason of its having been duly recorded and theirs not having been recorded. Upon the foreclosure of his mortgage, Shepherd levied on the same property. Kelly & Brothers interposed a claim, and it was tried, upon appeal to the superior court, by the judge without the intervention of a jury. He determined that the property was subject, and his judgment so determining and finding in favor of Shepherd, is excepted to by Kelly & Brothers.

We see no reason to doubt the correctness of the decision of the court below. When the property was sold under the mortgage of Kelly & Brothers, the purchasers only got the equity of redemption under the mortgage of Shepherd. That was all that they bought. But it was contended by the plaintiffs in error that Shepherd ought to have looked to the fund in court arising from the sale of the property, and have gone upon that. We know of no law that compelled Shepherd to look to that fund. He had not foreclosed his mortgage, and he was not compelled to foreclose it; his lien was a good lien, superior to the lien of Kelly & Brothers, and the sale of the property under Kelly's mortgage did not extinguish the lien of Shepherd. He did nothing, and the law did nothing, to extinguish his lien; and he had a right afterwards to foreclose his mortgage, and make the money due upon it out of the property. The property was subject, for aught that appears in this record, to be sold for the satisfaction of this lien of Shepherd.

Judgment affirmed.